UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANA GUTMAN on behalf of herself and all other similarly situated consumers

Plaintiff,

-against-

ARS NATIONAL SERVICES, INC.

Defendant.

**CLASS ACTION COMPLAINT**

**Introduction**

1. Plaintiff, Brana Gutman, brings this action against ARS National Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

**Parties**

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Escondido, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Brana Gutman**

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 1, 2017, Defendant sent the Plaintiff a collection letter.

11. The June 1, 2017 letter was an effort to collect on a consumer debt.

12. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate. The Second Circuit stated in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016):

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."

13. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

14. However, if the "Balance" will never increase and the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter will increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

The Second Circuit in Avila did not "hold that a debt collector must use any particular disclaimer" *Id.*

15. However, the Second Circuit did address all the possible scenarios: 1) If the "current balance" could increase over time, then the collection notice must disclose that the "balance might increase due to interest and fees". *Id*. 2) If the "current balance" is currently increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter will increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt only if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due could increase by the accrual of additional interest or fees if payment is not received by that date.

16. In this case, the "Balance" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

17. Said letter stated in pertinent part: "Total amount of interest accrued since Charge-off: $453.07."

18. Defendant's letter was deceptive and misleading as it simply identified the "Balance," but did not indicate that the balance may increase due to interest and fees.

19. The Plaintiff was left unsure whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

20. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

21. In fact, however, since the notice shows that interest accrued post charge off, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

22. Plaintiff previously received a letter from United Recovery who was collecting on the same debt and the balance was $5248.36 subsequently on June 1, 2017 ARS sent Plaintiff a letter which shows a balance of $5379.22. The balance increased from one letter to the next.

23. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

24. The statement of an "Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his account.

25. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

26. Collection letters that state only a "Balance," but do not disclose that the balance might

increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

27. Plaintiff and an unsophisticated consumer would be led to believe that the "Balance" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted. Yet in reality, interest accrued since charge off.

28. A consumer who pays the "Balance" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest that accumulated after the letter was sent but before the balance was paid.

29. The said debt was increasing due to interest accrued post charge off, but the said letter specifically, failed to disclose that the balance would continue to increase due to interest, or in the alternative, the said letter failed to disclose that the balance was actually <u>not</u> increasing since the interest post charge off was being waived.

30. In any event, the said letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

31. Absent a disclosure by the holder of the debt that the interest accruing is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer. <u>Avila</u>, at *10-11.

32. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

33. At the bare minimum, a debt collector must make clear, even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

34. A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest.

35. To the extent that the Creditor or Defendant intended to waive the automatically accrued

and accruing interest, it was required to disclose that in the most conspicuous of terms.

36. Defendant was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

37. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

38. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

39. Because the statement of an "Balance" that included original principal, fees, contractual interest and charged off interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

40. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

41. According to the Second Circuit's finding that the "Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

42. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

43. In fact, in this case, Plaintiff is still unsure if there was any intent to waive interest. The notice specifically says that the balance includes interest post charge off.

44. Yet, there was definitely no express waiver and disclosure of waiver is mandatory if interest was accruing post charge off. Disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer could not know what the real balance is.

45. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003) A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.

Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

46. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

47. The "Balance" is for an amount that includes original principal, fees, contractual interest and interest post charge off. If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest."

48. If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

49. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

50. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not

itemized, but that it was unclear whether it was subject to future interest" Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

51. The said letter implies that as of the date of the said letter, the Plaintiff owes the amount stated, and that the balance may change as interest or other charges may be added to the balance owed in the future.

52. Alternatively, if no interest, fees, or other charges would increase in the future, the said letter only serves to confuse the least sophisticated consumer and make her believe that fees or other charges may, in fact be added to the balance in the future. See Islam v. Am. Recovery Serv., 2017 U.S. Dist. LEXIS 180415 ("The language in the collection letter "as of the date of this letter" suggests that the debt is in a dynamic state — "as of the date" suggests that on a different date, the amount of the debt may be different — and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be "more later." Defendant receives money that it might not have received but for the language "as of the date of this letter." The debtor has thus been misled or deceived.")

53. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

54. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55. 15 U.S.C. § 1692g of the FDCPA provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt.

56. The Defendant failed to provide the consumer with the actual amount of the debt in its initial communication with the Plaintiff.[1]

57. Upon information and belief, such actions are part of a scheme or business of Defendant when attempting to collect alleged debts from consumers in the State of New York.

58. Upon information and belief, the Defendant's collection letters, such as the said June 1, 2017 collection letter, number in at least the hundreds.

59. Defendant's June 1, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

60. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

61. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

[1] Beauchamp v. Fin. Recovery Services, Inc., 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011) (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

collection communications.

62. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

63. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

64. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

65. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

66. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

67. These deceptive communications additionally violated the FDCPA since they frustrate the consumer’s ability to intelligently choose his or her response.

68. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

**CLASS ALLEGATIONS**

69. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70. The identities of all class members are readily ascertainable from the records of the Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

71. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

72. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

73. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

74. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

75. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

76. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

77. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

78. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

79. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**CAUSE OF ACTION**

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy-nine (79) herein with the same force and effect is if the same were set forth at length herein.

81. This cause of action is brought on behalf of Plaintiff and the members of a class.

82. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 1, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

**Violations of the Fair Debt Collection Practices Act**

83. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

84. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
June 1, 2018

/s/ Maxim Maximov

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Maxim Maximov

Maxim Maximov, Esq.